United States District Court
Southern District of Texas
**ENTERED**
June 01, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRAYCO COMMUNICATIONS, L.P., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-1029 |
| | § | |
| ADB COMPANIES, INC., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss and Compel Arbitration ("Motion") [Doc. # 3] filed by Defendants ADB Companies, Inc. and ADB Companies, Inc. d/b/a ADB Utility Contractors, Inc. (collectively, "ADB"), to which Plaintiff Grayco Communication, L.P. ("Grayco") filed a Response [Doc. # 6], and ADB filed a Reply [Doc. # 7]. Having reviewed the record and the governing legal authorities, the Court **grants** the Motion to Compel Arbitration and **stays and administratively closes** this case pending the completion of arbitration.

### I.    BACKGROUND

ADB hired Grayco as a subcontractor to provide labor and construction services in connection with an ADB project for Ganado Telephone Company, Inc. The Subcontract between the parties is attached as Exhibit A to the Motion. It contains a Dispute Resolution section, which includes a provision requiring arbitration of any

controversy arising out of or related to the Subcontract or the breach thereof. *See* Subcontract, Section 9.1 ("Arbitration Provision"). The Subcontract allows ADB in its sole discretion to elect to file legal proceedings in Missouri rather than arbitrate a dispute. *See id.*, Section 9.2. The Subcontract is governed by and construed in accordance with Missouri law. *See id.*, Section 9.3.

After a dispute arose between the parties, Plaintiff filed this lawsuit in Texas state court seeking a declaration regarding a non-compete provision in the Subcontract and seeking payment for work it performed for ADB in accordance with the Subcontract. ADB removed the lawsuit to federal court. ADB then filed the pending Motion, which has been fully briefed and is now ripe for decision.

## II.    MOTION TO COMPEL ARBITRATION

The Federal Arbitration Act provides that a written arbitration provision in a commercial contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2. "This text reflects the overarching principle that arbitration is a matter of contract." *Am. Express Co. v. Italian Colors Rest.*, __ U.S. __, 133 S. Ct. 2304, 2309 (2013). Consistent with the text of the Act, "courts must 'rigorously enforce' arbitration agreements according to their terms." *Id*. (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985)).

Plaintiff argues that the Arbitration Provision is illusory and unenforceable because it "is subject to unilateral termination by Defendants only, at any time." *See* Response, p. 3. The Arbitration Provision, however, refutes this argument. ADB has no right to terminate the Arbitration Provision. Instead, the Arbitration Provision, as written, gives ADB only the right to elect litigation rather than arbitration. The election by ADB to litigate a particular dispute does not terminate the Arbitration Provision as to this or future disputes.

Plaintiff argues also that the Arbitration Provision is illusory and unenforceable because there is no "mutuality of obligation." *See id.* at 6. Under clearly established Missouri law, however, the lack of mutuality of arbitration obligation does not invalidate an arbitration provision in a contract otherwise supported by valid consideration. *See Vincent v. Schneider*, 194 S.W.3d 853, 858-59 (Mo. Sup. Ct. 2006); *see also Eaton v. CMH Homes, Inc.*, 461 S.W.3d 426, 434 (Mo. Sup. Ct. 2015). The Missouri Supreme Court in *Vincent* based its decision on "the Restatement of Contract's view that mutuality is satisfied if there is consideration as to the whole agreement, regardless of whether the included arbitration clause itself was one-sided." *Vincent*, 194 S.W.3d at 858. The Missouri Supreme Court noted also that, under Missouri law, the "usual rules and canons of contract interpretation govern the subsistence and validity of an arbitration clause." *Id.* (citation omitted). "Finally,

given Missouri's preference for the arbitrability of disputes, a rule of contract construction that would be an exception to the general rules of contract construction and that would make arbitration less likely should not be erected." *Id.* at 858-59 (internal citation omitted).

In connection with the Subcontract in this case, the parties exchanged consideration for the entire contract. Grayco agreed to perform work for ADB, and ADB agreed to pay Grayco for that work. Therefore, the "lack of mutuality as to the arbitration agreement does not itself invalidate that arbitration agreement." *Eaton*, 461 S.W.3d at 434.

The parties are required by the Arbitration Provision of their Subcontract to arbitrate this dispute. The Court exercises its discretion, however, to stay rather than dismiss this lawsuit. *See* 9 U.S.C. § 3.

### III.   CONCLUSION AND ORDER

ADB does not have unilateral authority under the Subcontract to amend or terminate the Arbitration Provision. The Subcontract is supported by mutual consideration, and the lack of mutuality of obligation of the Arbitration Provision does not render that provision invalid. Accordingly, it is hereby

**ORDERED** that the Motion to Compel Arbitration [Doc. # 3] is **GRANTED** and this case is **STAYED AND ADMINISTRATIVELY CLOSED** pending the completion of the arbitration.  It is further

**ORDERED** that the parties shall file a written status report every four (4) months beginning **September 30, 2016**, and shall notify the Court in writing when the arbitration is completed.

SIGNED at Houston, Texas, this **31st** of **May, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE